UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER DALE ROBERTS,

    Petitioner,

v.                            CASE NO. 2:12-cv-14673
                               HONORABLE LAWRENCE P. ZATKOFF

PAUL KLEE,

    Respondent.
_____/

**ORDER HOLDING THE PETITION IN ABEYANCE,
CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES,
AND DENYING AS MOOT PETITIONER'S APPLICATION
FOR APPOINTMENT OF COUNSEL AND MOTION FOR BOND**

This matter is before the Court on petitioner Roger Dale Roberts' *pro se* habeas corpus petition, application for appointment of counsel, and motion for bond. The habeas petition challenges Petitioner's convictions for child sexually abusive activity on three grounds. Because Petitioner has failed to exhaust state remedies for his three habeas claims, the Court will hold his petition in abeyance so that he can first present his claims to the state court.

**I. Background**

In 2009, a state circuit court jury in Muskegon County, Michigan found Petitioner guilty of three counts of child sexually abusive activity. *See* Mich. Comp. Laws § 750.145c(2). On or about August 13, 2009, the trial court sentenced Petitioner as a habitual offender to imprisonment for seven to twenty-two years. On appeal from his convictions, Petitioner alleged that (1) the statute under which he was convicted was overbroad and void for vagueness, (2) the trial court erred when it denied his motion to

suppress evidence, and (3) the trial court abused its discretion when it declined to depart downward from the sentencing guidelines range. The Michigan Court of Appeals found no merit in these claims and affirmed Petitioner's convictions in a published decision. *See People v. Roberts*, 808 N.W.2d 290 (Mich. Ct. App. 2011). On October 24, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Roberts*, 804 N.W.2d 325 (Mich. 2011).

Petitioner filed his habeas corpus petition on October 19, 2012. He claims that (1) his trial attorney was ineffective, (2) the prosecutor used perjured testimony to convict him, and (3) there was insufficient evidence to support the charges against him.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). This means that state prisoners must present each habeas claim to the state court of appeals and to the state supreme court before filing a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner admits that he did not raise his pending claims on direct appeal to the Michigan Court of Appeals and to the Michigan Supreme Court. *See* Pet. for Writ of Habeas Corpus, at 5-6, 8, 10. District courts ordinarily must dismiss a habeas petition containing any unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509, 522 (1982), but a dismissal of this case pending exhaustion of state remedies could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

Faced with a similar dilemma, some courts have adopted a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Under this approach, district courts stay the federal proceedings and hold the habeas petition in abeyance while the inmate returns to state court to pursue remedies for the unexhausted claims. *Id.* After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id.* at 275-76. The stay-and-abeyance procedure is permissible when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

Petitioner is not engaged in abusive litigation tactics, and his unexhausted claims are not plainly meritless. Further, he alleges that he did not raise his claims on appeal from his convictions because he is not experienced in matters of law and he relied on his attorney. Under the circumstances, it is not an abuse of discretion to stay this case rather than to dismiss it for failure to exhaust state remedies.

Accordingly, it is hereby **ORDERED** that this case will be held in abeyance pending exhaustion of state remedies. The Court's stay is conditioned on Petitioner filing a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order.

It is further **ORDERED** that, if Petitioner is unsuccessful in state court and wishes to pursue federal habeas corpus remedies once again, he shall file an amended habeas corpus petition and a motion to re-open this case, using the same case name and number that appear in the caption of this order. The amended petition and motion to re-open the

case shall be filed within **ninety (90) days** of exhausting state remedies.

It is further **ORDERED** that Petitioner's application for appointment of counsel [dkt. #3] and motion for bond [dkt. #6] are denied as moot, and the Clerk of the Court is ordered to close this case for administrative purposes. This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's claims.

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 19, 2012